UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 15-81-DLB

STEVEN M. HUNTER                                              PETITIONER

VS.                    MEMORANDUM OPINION AND ORDER

WARDEN J.C. HOLLAND                                          RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Steven M. Hunter filed his petition for an "Emergency Petition for a Writ of Mandamus" pursuant to 28 U.S.C. § 1361 on May 11, 2015. (Doc. #1). Because Hunter had not paid the $350.00 filing fee and the $50.00 administrative fee, or filed a motion to pay the filing fee in installments under 28 U.S.C. § 1915, the Court ordered him to take one of these steps on or before July 17, 2015. (Doc. #3). That date has come and gone without response from Hunter.

As the Court previously advised Hunter, "the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Particularly in light of Hunter's established history of abusive litigation tactics (*see* Doc. #3), collection of the filing fee is warranted, and the Court will direct the Clerk of the Court to file the forms necessary to ensure collection of the required fees from Hunter's inmate account with the federal Bureau of Prisons.

1

The Court must conduct a preliminary review of Hunter's petition because he asserts claims against government officials. 28 U.S.C. § 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court evaluates Hunter's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court accepts Hunter's factual allegations as true, and his legal claims are liberally construed in his favor. *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F. 3d 461, 467 (6th Cir. 2011).

In his petition for mandamus relief, Hunter challenges various aspects of the manner in which the United States Penitentiary-McCreary is being run. Specifically, Hunter contends that (1) two inmates have died in the last six months because the prison is not safe; (2) prison staff have threatened to put him in segregation because he has filed 70 requests to staff to be housed with a different cellmate; (3) staff members have refused to give him grievance forms; (4) a staff member called him a name; (5) prison staff have refused to contact the BOP's Designation and Sentence Computation Center to correct errors involving a detainer and his criminal history score, which are resulting in a higher security classification; and (6) prison staff permit inmates to exercise ownership over cells. (Doc. #1, pp. 2-6). Hunter seeks an order from this Court compelling the warden to rectify the deficiencies he perceives; he does not seek damages. (Doc. #1, pp. 7-8).

Federal courts may grant mandamus relief as permitted by federal statute:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

2

28 U.S.C. § 1361.  Mandamus is considered an "extraordinary remedy."  *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989).  Therefore, "it is within a court's discretion to refrain from issuing the writ even when the requirements for mandamus are technically satisfied.  The availability of the writ 'does not compel its exercise.'"  *In re: Patenaude*, 210 F. 3d 135, 141 (3d Cir. 2000) (citations omitted).

"The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff."  *Carson v. U. S. Office of Special Counsel*, 633 F. 3d 487, 491 (6th Cir. 2011) (quoting *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)).  To find that a duty enforceable by mandamus exists, the petitioner must show that (1) she has a clear right to relief, (2) the respondent has a clear and nondiscretionary duty to act, and (3) there is no other adequate remedy available to compel performance of the duty.  *Id.*  There is no "duty owed" to the petitioner unless it is wholly non-discretionary, meaning "plainly defined and peremptory."  *Ryon v. O'Neill*, 894 F. 3d 199, 205 (6th Cir. 1990).

Hunter's claims, which challenge the conditions of his confinement, fail to satisfy both the second and third prerequisites for mandamus relief.  With respect to the second prong, Hunter has failed to identify any statute, regulation, or policy, which imposes upon the warden any nondiscretionary duty to act in a particular manner with respect to the circumstances he describes.  Rather, prison officials are vested with significant discretion regarding the day-to-day operations of a prison.  *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  A petitioner's failure to identify any particular

3

duty owed to him is fatal to a mandamus petition.  *Cf. Beckley v. Miner*, 125 F. App'x 385, 387-88 (3d Cir. 2005).

Hunter fails to satisfy the third requirement because a claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), provides a viable and adequate mechanism to assert conditions of confinement claims against federal officials.  *Brown v. Ebbert*, No. 3:13CV873, 2013 WL 2245142, at *1-2 (M.D. Pa. May 20, 2013) (dismissing § 1361 petition without prejudice to prisoner's right to assert conditions of confinement claims in *Bivens* action).  Courts have therefore found that petitions for mandamus which assert traditional conditions of confinement claims are generally subject to dismissal.  *Cf. Aunhkhotep v. Pearson*, No. 5:09cv103 , 2010 WL 3879960, at *1-2 (S.D. Miss. Mar. 3, 2010); *Futch v. Grondolsky*, No. 09-778(NLH), 2009 WL 540661, at *1-2 (D.N.J. Feb. 27, 2009).

Finally, the Bureau of Prisons' online inmate locator database indicates that Hunter has been transferred to another federal prison during the pendency of this action.  See http://www.bop.gov/inmateloc/ (last visited July 23, 2015).  Because Hunter did not seek damages and the mandatory relief he sought can no longer be obtained from the named respondent, his transfer has rendered his petition moot.  *Cf. Myrieckes v. Zickefoose*, No. 10-5118(RMB), 2011 WL 2881228, at *2 (D.N.J. July 14, 2011) (citing *New Jersey Turnpike Auth. v. Jersey Central Power & Light*, 772 F. 2d 25, 31 (3d Cir.1985)).  In light of the foregoing, the Court must dismiss Hunter's petition for mandamus relief for lack of jurisdiction and as moot.

4

Accordingly, **IT IS ORDERED** that:

1.     Petitioner Steven M. Hunter is **ASSESSED** the $400.00 in filing and administrative fees pursuant to 28 U.S.C. § 1915 and § 14 of the District Court Miscellaneous Fee Schedule.

2.     The Clerk of the Court shall open an account in Hunter's name for receipt of the filing fee.  The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Hunter's name, (b) his inmate registration number, and (c) this case number.  The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Hunter is currently confined.

3.     Each month Hunter's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00.  The custodian shall continue such monthly payments until the entire $400.00 in fees is paid.  28 U.S.C. § 1915(b)(2).

4.     Hunter's petition (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.

5.     This dismissal counts as Hunter's third "strike" for purposes of 28 U.S.C. § 1915(g).

6.     Hunter's "Emergency Request for an Injunction and or a Appropriate Order Directing the Respondent to Stop Retaliating against Petitioner" (Doc. #2) is **DENIED AS MOOT**.

7.     The Court will enter a judgment contemporaneously with this order.

8.     This matter is **STRICKEN** from the docket.

5

This 30th day of July, 2015.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\ORDERS\ProSe\Hunter 15-81 MOO denying mandamus petition.wpd